# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| EVE NEEL and ROGER NEEL,<br><br>    Plaintiffs,<br><br>vs.<br><br>CRST EXPEDITED, INC.; KAREN CARLSON; and OTHER PRESENTLY UNKNOWN DEFENDANTS,<br><br>    Defendants. | No. 18-CV-98-LTS-KEM<br><br>**ORDER** |

_____

Defendants (who I collectively refer to as CRST) move to compel Plaintiff Eve Neel to submit to an independent psychological examination under Federal Rule of Civil Procedure 35. Doc. 11; *see also* Doc. 14. Plaintiff Neel resists based on CRST's chosen location for the examination, hundreds of miles from her residence and from the Northern District of Iowa. Doc. 13. For the reasons stated below, I **deny** CRST's motion (Doc. 11).

## I. BACKGROUND

Neel's claims arise from allegations that while receiving training to be a truck driver for Defendant CRST Expedited, Inc., her trainer sexually assaulted her. She seeks, among other things, mental-health damages from CRST. In connection with a worker's compensation claim, she previously underwent a psychological examination in Cedar Rapids, Iowa, (in the Northern District of Iowa) by providers of CRST's choosing. She does not oppose a second, independent psychological examination in this forum (coordinated to occur in connection with other travel here) "or near her home in [Bull Shoals,] Arkansas." Docs. 1, 13, 13-4. She opposes traveling 740 miles from her

residence to Greenville, South Carolina, for an examination, however (CRST's chosen expert for the examination is a clinical psychologist based out of Greenville). CRST has agreed to pay Neel's travel expenses (including lodging and airfare).

## II. DISCUSSION

Federal Rule of Civil Procedure 35(a) provides:

(1) *In General*. The court where the action is pending may order a party whose mental or physical condition—including blood group—is in controversy to submit to a physical or mental examination by a suitably licensed or certified examiner. The court has the same authority to order a party to produce for examination a person who is in its custody or under its legal control.

(2) *Motion and Notice; Contents of the Order*. The order:

(A) may be made only on motion for good cause and on notice to all parties and the person to be examined; and

(B) must specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it.

"The manner and conditions of a court-ordered medical examination, as well as the designation of the person or persons to conduct such an examination, are vested in the sound discretion of the trial court." ***Sanden v. Mayo Clinic***, 495 F.2d 221, 225 (8th Cir. 1974).

Rule 35 is grounded in the principle that since "the plaintiff is allowed to select his or her own doctor to testify as to the plaintiff's . . . condition, . . . fairness dictates that the defendant have a similar right." ***DeNeui v. Wellman***, No. CIV. 07-4172, 2008 WL 4065816, at *3 (D.S.D. Aug. 27, 2008). But cases analyzing Rule 35 make clear that "the movant has no absolute right to an examination by a particular physician of [its] . . . choice" at a location of its choice. ***Peters v. Nelson***, 153 F.R.D. 635, 637 (N.D. Iowa 1994); *see also, e.g.*, ***Hollman v. Nokland***, No. 8:10-CV-0121-T-24AEP, 2010

WL 11629143, at *1 (M.D. Fla. Nov. 17, 2010); *Great W. Life Assurance Co. v. Levithan*, 153 F.R.D. 74, 76 (E.D. Pa. 1994); *Liechty v. Terrill Trucking Co.*, 53 F.R.D. 590, 591 (E.D. Tenn. 1971); *Stuart v. Burford*, 42 F.R.D. 591, 592 (N.D. Okla. 1967); 8B **Charles A. Wright et al.,** *Federal Practice and Procedure* § 2234.2 (3d ed.). As noted by Neel, courts usually grant requests for independent medical examinations to be conducted in or near the forum or near the plaintiff's residence. *See Davis v. Bamford, Inc.*, No. 8:11CV69, 2012 WL 37526, at *2 (D. Neb. Jan. 9, 2012) (noting an examination from a provider in the forum "allows the examining physician to be available conveniently for testimony" (quoting *Baird v. Quality Foods, Inc.*, 47 F.R.D. 212, 213 (E.D. La. 1969))); *Woodard v. Wal-Mart Stores E., LP*, No. 5:09-CV-428 (CAR), 2010 WL 3455342, at *2 (M.D. Ga. Aug. 26, 2010) (noting that there is no bright-line rule requiring an examination be conducted in the judicial district in which the action is pending and that an examination in an "out-of-district urban center[]" just outside the forum might be more "conveniently located" than some locations in the forum). When deciding whether to compel an independent medical examination outside the forum, courts consider the number of experts available in the forum, whether the defendant's chosen examiner has specialized knowledge or expertise, and the burden of traveling on the plaintiff. *See Vandergriff v. Red Robin Int'l, Inc.*, No. 1:14-cv-177-SKL, 2016 WL 1735857, at *3 (E.D. Tenn. May 2, 2016).

CRST seeks to compel Neel to travel to a psychological examination in South Carolina, 740 miles from her residence in Arkansas and an even greater distance from the Northern District of Iowa.[1] The few cases I have found granting a motion to compel

---

[1] I take judicial notice of the fact that when traveling by car, Greenville, South Carolina, is more than 900 miles from Cedar Rapids, where the trial in this case is set to take place (and Greenville does not appear to be much closer to any other location in this district). *See Pahls v. Thomas*, 718 F.3d 1210, 1216 n.1 (10th Cir. 2013) (taking judicial notice of information from Google Maps); Driving Directions from Cedar Rapids, IA, to Greenville, SC, **Google Maps**,

3

a medical examination outside the judicial district in which the case is pending have emphasized the expert's proximity to the judicial forum, and some have also relied on the minimal number of experts available in the forum. *See Jackson v. Deen*, No. CV412-139, 2013 WL 2027398, at *2-3, *5 (S.D. Ga. Apr. 3, 2013) (when plaintiff lived in Atlanta, Georgia, outside the judicial district, and the court was located in Savannah, Georgia, the court held that the defendant "may select an examiner located within the Atlanta or Savannah area, or points in between"; thus, the court granted the defendant's motion to compel a medical examination 350 miles from the plaintiff's residence, despite "numerous, more conveniently located experts" in Atlanta, and noted that the plaintiff's drive to the examination "would be just over an hour more than" her drive to the courthouse); *Woodard,* 2010 WL 3455342, at *1-2 (granting motion to compel medical examination in Atlanta, Georgia, 100 miles from the courthouse and the plaintiff's residence in Macon, Georgia, where 20 similar experts practiced, after noting Atlanta is an "urban hub" just outside the district); *DeNeui*, 2008 WL 4065816, at *1, *3-4 (when plaintiff lived in Rushmore, Minnesota, 53 miles from the courthouse in Sioux Falls, South Dakota, where trial was set to take place, the court granted defendant's motion to compel a medical examination in Omaha, Nebraska, 195 miles from plaintiff's residence; the court noted that there were only seven similar experts in Sioux Falls and that defendants represented many did not want to testify in the litigation due to the insular medical community; the court also noted that Omaha was closer to plaintiff's residence than some cities in the district); *Driggers v. Vezer's Precision Indus. Constr. Int'l*, No. 1:05CV201SPM/AK, 2007 WL 1655612, at *1 (N.D. Fla. June 6, 2007) (granting motion to compel medical examination requiring plaintiff to travel 150 miles from his residence in the judicial district to Orlando, Florida, outside the district, after noting that

---

http://maps.google.com (follow "Get Directions" hyperlink; then search "Your location" for "Cedar Rapids, IA," and search "Choose destination" for "Greenville, SC").

4

a bright-line rule restricting examinations to the district could result in illogical rulings, since some districts contain cities more than 300 miles apart, and that traveling 150 miles was not overly burdensome). As the cases cited by Neel illustrate, courts routinely deny motions to compel a plaintiff to travel far from her residence and from the judicial district in which the case is pending for an examination when other experts could conduct the examination in a more convenient location. *See Vandergriff*, 2016 WL 1735857, at *2-5 (denying motion to compel medical examination in Miami, Florida, 800 miles from the minor plaintiff's residence, despite chosen doctor's expertise in plaintiff's condition and the inability of several local doctors to determine the cause of the condition; the court noted travel would be unduly burdensome as the plaintiff's condition prevented travel by plane, and the plaintiff's mother would be eight months pregnant at the time of the proposed 1600-mile road trip; the court also noted the defendant's expert had agreed to conduct the examination in the forum in the alternative, and the court reserved ruling on defendant's request for the increased fees associated with the doctor's travel); *Koger v. Norfolk S. Ry. Co.*, No. CV 1:08-00909, 2009 WL 10688331, at *2, *4 (S.D. W. Va. July 24, 2009) (denying defendant's motion to compel medical examination outside judicial district that would require defendant to travel 428 miles round trip when plaintiff had difficulty sitting for long periods of time, and defendant offered no evidence that no qualified experts practiced in the district or geographic area plaintiff resided); *Plaintiff B v. Francis*, No. 5:08CV79-RS/AK, 2009 WL 1360853, at *1-2 (N.D. Fla. May 12, 2009) (denying defendant's motion to compel plaintiffs to travel to Maryland for medical examination by doctor at Johns Hopkins whose schedule did not allow him to travel to Florida, where the plaintiffs resided and where the action was pending, until after the close of discovery; the court noted that defendants did not argue they could not find similar experts locally and that the judicial district contained two major universities and several urban areas); *Bennett v. White Labs., Inc.*, 841 F. Supp. 1155, 1159 (M.D. Fla.

5

1993) (when courthouse and plaintiff were located in Jacksonville, FL, the court denied defendant's motion to compel an independent medical examination in Miami, FL, outside of the district; the court noted that defendants sought plaintiff to undergo a routine pelvic examination and that the phone directory contained "scores of physicians practicing obstetrics and gynecology" in the local area); ***Blount v. Wake Elec. Membership Corp.***, 162 F.R.D. 102, 107 (E.D.N.C. 1993) (denying defendants' motion to compel plaintiff to undergo a medical examination outside the judicial district when the plaintiff was wheelchair-bound and could not drive, and the medical examination was to take place four hours away from his residence; defendants did not argue their chosen expert was uniquely qualified; and there was no evidence that similar experts were not available to conduct the examination in either the judicial district where the case was pending or where the plaintiff resided); ***Rainey v. Wal-Mart Stores, Inc.***, 139 F.R.D. 94, 94-95 (W.D. La. 1991) (denying motion to compel plaintiff to attend a medical examination outside the judicial district and 270 miles away from the plaintiff's residence when the defendants did not argue that there were no physicians in the district with similar training and qualifications as the chosen expert); ***Stuart***, 42 F.R.D. at 592-93 (when the plaintiff and courthouse were both located in Tulsa, OK, the court denied defendant's motion to compel a medical examination in Oklahoma City, OK, 118 miles from Tulsa and outside the judicial district, noting that more than 40 similar doctors practiced in Tulsa).

CRST does not argue that its expert in North Carolina is uniquely qualified or that no similar experts exist in the Northern District of Iowa or near Neel's residence. CRST does not cite a single case in its brief, and there appears to be no support for compelling a plaintiff to travel 740 miles for a medical examination far outside the judicial district in which the case is pending. CRST's motion to compel Neel to submit to an independent psychological examination in North Carolina (Doc. 11) is **denied**.

6

## III. ATTORNEY'S FEES

Under Federal Rule of Civil Procedure 37(a)(5)(B), if the court denies an order compelling discovery:

> [T]he court . . . must, after giving an opportunity to be heard, require the movant, the attorney filing the motion, or both to pay the party . . . who opposed the motion its reasonable expenses incurred in opposing the motion, including attorney's fees. But the court must not order this payment if the motion was substantially justified or other circumstances make an award of expenses unjust.

Based on CRST's complete failure to cite any authority supporting its position,[2] Neel's citation of cases directly contradicting CRST's position, and the cases collected above, CRST's motion to compel does not appear to be substantially justified. I will give CRST a chance to be heard on this issue, however. CRST should submit a written brief on the issue of attorney's fees by **Friday, March 29, 2019**. *See Paladin Assocs., Inc. v. Montana Power Co.*, 328 F.3d 1145, 1164-65 (9th Cir. 2003) (collecting cases holding that an opportunity to submit briefs is an "opportunity to be heard" within the meaning of Rule 37). In addition, by **Friday, March 29, 2019**, counsel for Neels shall file with the Court, under seal, an affidavit itemizing the costs and expenses, including attorney's fees, incurred in resisting the motion to compel (excluding any costs and expenses incurred in responding to this order).

## IV. CONCLUSION

CRST's motion to compel (Doc. 11) is **denied**. CRST has until **March 29, 2019**, to submit a brief demonstrating why its motion to compel was substantially justified or

---

[2] The one case CRST cites (in its reply brief) does not address the issue of compelling a plaintiff to travel to a medical examination at a distant location—indeed, the court noted "[t]he examination shall take place at a 'neutral' site agreed to by counsel," and "[i]f the parties are unable to agree in that regard, they should promptly contact the Court." *Sellers v. Deere & Co.*, No. C12-2050, 2013 WL 12155343, at *2 (N.D. Iowa Sept. 25, 2013).

an award of expenses to Neel, including attorney's fees, would otherwise be unjust. By **March 29, 2019**, counsel for Neels shall file, under seal, an affidavit itemizing costs and expenses incurred in resisting the motion to compel.

    **IT IS SO ORDERED** this 12th day of March, 2019.

_____
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa