IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF IOWA
CEDAR RAPIDS DIVISION

| | |
|---|---|
| EVE NEEL and ROGER NEEL, | |
| Plaintiffs, | No. 18-CV-0098-LTS-KEM |
| vs. | **ORDER** |
| CRST EXPEDITED, INC.; KAREN CARLSON; and OTHER PRESENTLY UNKNOWN DEFENDANTS; | |
| Defendants. | |

Plaintiffs Eve Neel and Roger Neel (collectively "the Neels" and individually "Eve" and "Roger" to avoid confusion) seek expedited relief for a protective order under Federal Rule of Civil Procedure 26(c). Doc. 24. Plaintiffs seek approval for Roger to be present during Eve's psychological examination, to be conducted under Federal Rule of Civil Procedure 35 on behalf of Defendants CRST Expedited, Inc., Karen Carlson, and others (collectively "CRST"). *Id*. CRST resists the requested protective order, arguing that Roger's presence would impede the examination.[1] Doc. 30. The court has previously addressed issues related to CRST's requested examination of Eve (Doc. 15) and incorporates herein the background information outlined in that order and in the Neel's pending motion (Doc. 24).

There is no dispute that CRST is entitled to conduct the Rule 35 examination, and the Neels raise no concerns with CRST's selected examiner, David Price, PhD, or his examination methods. The parties disagree about whether Roger should be allowed to be present during the examination. The Neels argue Roger's presence is necessary due

---

[1] From the outset, I commend counsel for working together to try and make accommodations, such as conducting the examination at the offices of the Neels' attorneys.

to Eve's severe post-traumatic stress disorder, anxiety, and associated panic attacks. CRST asserts Roger's presence during the examination would be inconsistent with professional standards and could impede the examination and affect the results. CRST also argues that the Neels have failed to show good cause for the requested relief and that other measures can be taken to ease Eve's discomfort and anxiety.

The parties agree that good cause must be established to issue a protective order under Rule 26(c).

> The Federal Rules of Civil Procedure are silent regarding under what circumstances a third party or a recording device might be permitted in a Rule 35 [examination]. Federal Rule 26 gives a district court discretion to "make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." *See* Fed. R. Civ. P. 26(c) (grounds for a protective order). And Rule 35 itself addresses the court's discretion to determine the time, place, manner, conditions, and scope of an examination. *See* Fed. R. Civ. P. 35(a)(2)(B).

*Letcher v. Rapid City Reg'l Hosp., Inc.*, No. CIV. 09-5008-JLV, 2010 WL 1930113, *7 (D.S.D. May 12, 2010). In considering requests to allow a third party to be present during examinations, the Rules support review on a case-by-case basis with no presumption for or against allowing such accommodation, and that the party making the request bears the burden of persuading the court.[2] *See Galieti v. State Farm Mut. Auto. Ins. Co.*, 154 F.R.D. 262, 263-65 (D. Colo. 1994) (discussing three approaches taken by courts: (1) finding an absolute right to have third-party observation during examinations, (2) finding no presumptive right to third-party observation, or (3) using discretion "to examine each case and make an appropriate decision"); *see also McKisset*

---

[2] Most of the cases cited by counsel and that I have found addressing the presence of a third party during an examination involved requests to record an examination or to allow the examinee's attorney to be present during the examination. Those cases are not helpful here, other than providing the framework for how courts handle these types of requests. Relatedly, I find the *Schempp* case cited by Defendants inapplicable here. *See Schempp v. Reniker*, 809 F.2d 541 (8th Cir. 1987) (involving review of sanctions imposed for failure to allow examination of child without parent being present, and not addressing the issue of whether a third person should have been allowed to be present during the examination).

*v. Brentwood BWI One, LLC,* No. CV WDQ-14-1159, 2015 WL 8041386, at *3 (D. Md. Dec. 4, 2015) (recognizing that among divided authority, a majority of courts find the party seeking to allow a third party to be present during examination bears the burden of showing good cause under Rule 26(c), and that courts examine specific facts in cases in deciding whether to grant such requests).

In this case, the Neels present specific reasoning to justify Roger being present for Eve's examination: it is necessary in order for Eve to complete the examination and to avoid emotional harm to Eve. This case arises from an underlying claim of forcible rape. This factor alone distinguishes it from the vast majority of other cases, which often involved employment actions or personal injury suits. *See Davanzo v. Carnival Cruise Lines*, No. 14-20153-CIV, 2014 WL 1385729, at *1 (S.D. Fla. Apr. 9, 2014) (personal injury suit from slip and fall accident); *Frazier v. Nash-Fich Co.*, No. 3:10-CV-45-RM-CAN, 2011 WL 294875, at *1 (retaliation claim against employer causing alleged emotional distress); *Galieti*, 154 F.R.D. at 262 (wrongful termination suit involving allegedly false claims plaintiff engaged in sexual harassment). Considering the case context, it is understandable why undergoing an examination in a room alone with a male examiner would likely heighten Eve's anxiety and potentially cause her emotional harm. Significantly, Eve was unable to complete an examination by Plaintiffs' female examiner (Julie C. Medlin, PhD) without Roger being present. Doc. 24-2. Dr. Medlin recommends allowing Roger to be present during Eve's examination by Dr. Price because Eve "may have an anxiety attack and/or [be] unable to effectively participate in the evaluation process." Doc. 24-2 at 2. In addition, treatment records (although dated) show that although a male treating physician (Paul R. Pomrehn, MD) was able to establish "adequate rapport" with Eve during visits in May and October 2018, both Roger and a resident physician were also present during those visits. Doc. 27 at 1, 5, 7-8, 10, 12. These same records demonstrate Eve's inability to fully function when away from Roger.

3

Based on this information, the Neels have shown legitimate reasons why Roger should be allowed to be present for Eve's examination.

I also find that allowing Roger to be present will not likely impact or unfairly prejudice the results of Dr. Price's examination. I am cognizant of the need to ensure that CRST has an opportunity to conduct the examination in the same general manner as the Neel's examiner. *See Ren v. Phoenix Satellite Television (US), Inc.*, 309 F.R.D. 34, 36 (D.D.C. 2015); *Tomlin v. Holecek*, 150 F.R.D. 628, 632 (D. Minn. 1993) (discussing that Rule 35 serves "to provide a 'level playing field' between the parties" in examining plaintiffs(citation omitted)). Here, Dr. Medlin attempted to conduct Eve's examination without Roger present, was unable to do so, and Roger was ultimately allowed to be present for the examination. Doc. 24-2. Accordingly, allowing Roger to be present during Eve's examination by Dr. Price on behalf of CRST would provide for the same circumstances used during Dr. Medlin's examination on behalf of the Neels. *See Doe v. District of Columbia*, No. Civ.A.03-1789 (GKJMF), 2005 WL 3828731, at \*1 (D.D.C. Aug. 15, 2005) (finding good cause to allow recording of examination of ten-year-old plaintiff who was alleged victim of sexual abuse, where plaintiff's prior examinations had been recorded). Thus, concerns about fair examinations do not exist in this case.

CRST does raise legitimate concerns about allowing Roger to be present during the examination: it may interfere with the examination and more significantly, it will not allow Dr. Price to fully determine the extent of Eve's anxiety and loss of function and could impede testing methods. *See* Doc. 30-2 (Affidavit of Dr. Price). I have considered that Roger is a named party in this case, although this factor is mitigated by counsel's assertion that he would only be present to provide emotional support for Eve and will not testify about the examination during proceedings in this case. Doc. 24-4 at 3. Nevertheless, I consider that his presence, even in the unobtrusive manner proposed in the motion, could affect the examination and its results. *See Davanzo*, 2014 WL 1385729, at \*3-4 (discussing policy reasons for not allowing third parties to attend or

recording of Rule 35 examinations); *Letcher*, 2010 WL 1930113, at *7 (discussing secondary sources and cases that found third-party presence could interfere with examination, and the importance of one-on-one interaction between doctors and patients during psychological examinations); *Shirsat v. Mut'l Pharm. Co., Inc.*, 169 F.R.D. 68, 70-71 (denying request to allow observer be present for examination based on "need for effective psychiatric examination," and where party raised no issues with examination methods to be used or with bias of examiner). In particular, I am concerned that Roger's presence might prevent Eve from being as forthcoming as she might otherwise be without his presence. This would be no different than the circumstances under which Dr. Medlin performed her examination of Eve. In addition, CRST would certainly be disadvantaged if unable to complete an examination due to Eve's condition. Concerns about the examination can be addressed by allowing the examination to proceed in a manner similar to the examination conducted by Dr. Medlin.

The case law generally disfavors allowing third parties to be present during examinations. The cases show, however, that courts' decisions of whether to allow such accommodation turned on whether the moving party had shown good cause for the accommodation. *Davanzo*, 2014 WL 1385729, at *4-5 (allowing spouse, but not attorney, to be present for examination in slip and fall case because spouse's presence "might reduce any anxiety involved over the examination and will not subvert the purpose of Rule 35"); *Sellars v. Deere & Co.,* 2013 WL 12155343, at *1-2 (N.D. Iowa Sep. 25, 2013) (denying request for family member to be present during examination where doctor's letters and dated medical report did not show examination would likely cause examinee to suffer panic attack, anxiety, depression, or suicidal ideation); *Di Bari v. Incaica Cia Armadora, S.A.*, 126 F.R.D. 12, 13-14 (E.D.N.Y. 1989) (allowing court reporter to be present to record examination where party being examined had issues affecting his ability to communicate with counsel); *Lowe v. Philadelphia Newspapers, Inc.*, 101 F.R.D. 296, 297-299 (E.D. Pa. 1983) (denying request for plaintiff's counsel

5

to be present during examination in employment discrimination and retaliation case but allowing (without discussion) presence of a psychiatrist or other medical professional chosen by plaintiff to observe the examination).

The motion in this case presents a difficult issue with no clear answer. Ultimately, I conclude the Neels have shown good cause and reasonable justification to allow Roger to be present for the examination. Allowing him to be present will not unduly prejudice CRST, nor hinder their right to an examination by Dr. Price that corresponds to the conditions of Dr. Medlin's examination on behalf of the Neels.

IT IS ORDERED the Neel's motion for protective order (Doc. 24) is **conditionally granted**. The Rule 35 examination of Eve Neel by Dr. Price on behalf of CRST shall proceed in the following manner:

1. Dr. Price should be allowed to attempt to examine Eve Neel in a room alone, with the door left open and Roger Neel seated outside the open door. Counsel for the Neels should take steps to ensure the examination is otherwise private (such that persons in the office cannot overhear or listen in on the examination, including Roger Neel).

2. If (and only if) Eve Neel is unable to complete the examination in this manner, Roger Neel should be allowed to sit inside the examination room. He should be seated in an unobtrusive manner so as not to impede either Dr. Price or Eve, and he must remain silent and cannot take part or interfere in any way during the examination.

IT IS SO ORDERED this 26th day of July, 2019.

*Kelly K.E. Mahoney*
Kelly K.E. Mahoney
Chief United States Magistrate Judge
Northern District of Iowa