**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF IOWA**
**CEDAR RAPIDS DIVISION**

| | |
|---|---|
| EVE NEEL,<br><br>Plaintiff,<br><br>vs.<br><br>CRST EXPEDITED, INC.,<br><br>Defendant. | No. 1:18-cv-98<br><br>**AMENDED COMPLAINT**<br><br>**DEMAND FOR JURY** |

Plaintiff Eve Neel, for her cause of action against Defendant CRST Expedited, Inc., hereby states as follows:

## INTRODUCTION

1. This action arises out of the sexual assault of Eve Neel while she was a student driver employed by Defendant CRST Expedited, Inc. ("CRST") and under the supervision of Michael Anderson, the lead driver assigned to her by CRST. CRST has a long and documented history of sexual harassment and sexual assault by male drivers against female drivers, conduct perpetuated by CRST's refusal to take any action to address this widespread problem. Michael Anderson, the lead driver assigned to Plaintiff Eve Neel by CRST, had a history of sexual harassment and acts of violence against women at the time that he was hired by CRST and assigned as Plaintiff's lead driver. Plaintiffs' causes of action in this case are brought pursuant to Title VII, the Iowa Civil Rights Act and common law claims available to Plaintiffs under Iowa law.

## JURISDICTION AND VENUE

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331, arising out of Plaintiff Eve Neel's Title VII claims and pursuant to 28 U.S.C. § 1332, because Plaintiffs

**EXHIBIT B**

are residents of Arkansas, Defendants are residents of Iowa and the amount in controversy exceeds $75,000.

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

4. The Court has supplemental jurisdiction over Plaintiffs' claims under Iowa law pursuant to 28 U.S.C. § 1367.

## PARTIES

5. Plaintiff Eve Neel is, and at all material times has been, a resident of Bull Shoals, Marion County, Arkansas.

6. Defendant CRST Expedited, Inc. ("CRST") is a corporation organized and existing under the laws of the state of Iowa, with its principal place of business in Cedar Rapids, Iowa. CRST is in the business of operating an over-the-road trucking company that travels throughout the United States.

## ADMINISTRATIVE REQUIREMENTS

7. On February 26, 2018, within three hundred (300) days of the discriminatory acts of which she complains, Plaintiff Eve Neel filed charges of employment discrimination with the Equal Opportunity Employment Commission ("EEOC") against CRST. On July 12, 2018, less than ninety (90) days prior to the filing of this Complaint, the EEOC, pursuant to 29 C.F.R. 1601.28, issued a Notice of Right-to-Sue to Plaintiff Eve Neel.

8. On February 26, 2018, within three hundred (300) days of the discriminatory acts of which she complains, Plaintiff Eve Neel filed charges of employment discrimination with the Iowa Civil Rights Commission ("ICRC") against CRST. On July 12, 2018, less than ninety (90) days prior to the filing of this Complaint, the ICRC, pursuant to Iowa Code § 216.16, issued a Notice of Right-to-Sue to Plaintiff Eve Neel.

**FACTUAL BACKGROUND**

9. CRST is one of the nation's largest long-haul freight transportation companies. CRST utilizes a team driving model which requires two drivers per truck so that one driver may sleep while the other is driving and the truck can continue to move freight almost constantly, therefore allowing CRST to obtain greater profits.

10. New drivers to CRST first undergo classroom training and then must undergo training that includes driving with more experienced drivers known as lead drivers for a specific period of time. CRST assigns student drivers to lead drivers in order to complete their required training. Lead drivers make recommendations to CRST regarding whether their student drivers should "pass" and therefore become drivers with CRST. CRST is constantly recruiting and hiring new drivers because it has a substantial need for drivers.

11. Because of CRST's team driving approach, female drivers are alone with their male co-drivers or lead drivers almost all of the time that they are traveling, including oftentimes being alone in secluded locations.

12. CRST has a long, documented history of sexual harassment and sexual assaults by male drivers against female drivers, including by male lead drivers against female student drivers.

13. In 2006, Karen Shank, a student driver employed by CRST, sued CRST asserting that she was raped by the lead driver assigned to her by CRST and sexually harassed by a second CRST lead driver. She also asserted that CRST conducted no investigation into her complaints. A jury trial was held, and eight other women testified that they had been subjected to similar treatment at CRST. The jury found for the employee and found CRST had acted with malice.

14. In 2007, the EEOC brought a class action lawsuit against CRST asserting widespread sexual harassment. As part of that case, CRST produced documentation showing that

between 2005 and 2008, CRST received complaints from 146 female drivers asserting sexual harassment or assault by a co-driver or lead driver. The District Court, in its 2009 ruling dismissing the claims of the EEOC for reasons not relevant here, stated:

> The 146 female drivers variously suffered physical, mental and/or emotional abuse at the hands of their male co-drivers and lead drivers. Among other things, their coworkers subjected them to (1) sexually charged comments; (2) verbal abuse; (3) pornography; (4) graphic stories about sex, including rape of a child; (5) propositions for sex; (6) urination; (7) exposed penises; (8) masturbation; (9) offensive touch, including unwanted 'brushing up,' kissing, hugging or patting; (10) crawling into women's bunks uninvited; (11) physical abuse, including punching, kicking, grabbing, fondling and rape; (12) theft of underwear; (13) threats of reprisal if the women did not accede to their sexual demands, including threats that the trainees would not graduate to co-driver status; (14) ordering women off the truck; (15) tossing their belongings out of the cab; and (16) parking the trailer in isolated or otherwise 'bad' areas.

15. In 2015, CRST was again sued in a class action lawsuit asserting widespread sexual harassment and assault by male drivers against female drivers and retaliation by CRST against women who complained of sexual harassment. Documents provided by CRST in that case show that between October 2013 and February 2016, CRST received complaints of sexual harassment from 106 different women and that the named women had complained that they were being propositioned for sex, sexually assaulted, physically abused and threatened.

16. For the last 13 years, CRST has received approximately one complaint per week from women employees asserting that they have been subjected to abhorrent behavior by their male co-drivers or lead drivers.

17. When CRST is notified of a complaint of sexual harassment or assault, the female victim is removed from the truck and the male driver is permitted to continue working. The Human Resources Department then interviews the victim and the harasser. If the harasser denies the

offending conduct, which almost always occurs, CRST determines it is a "he said/she said" situation and issues no discipline to the male driver.

18. Because of widespread sexual harassment and assault, CRST employees at various times have suggested preventive measures, including installing video cameras in the trucks, but no preventive measures have been taken by CRST.

19. CRST asserts that it conducts background checks for drivers; however, the extent of these background checks is unknown and how CRST uses the information obtained in the background checks is also unknown.

20. CRST's well-known practice of not disciplining drivers accused of sexual harassment continues and no other measures have been taken at CRST to prevent widespread sexual harassment and assault against female drivers.

21. In the spring/summer of 2017, Eve Neel and her husband, Roger Neel, applied for and were accepted as new drivers for CRST. Roger Neel had previously driven as a truck driver; however, Eve Neel did not have any driving experience. Eve and Roger Neel planned to drive together after they completed the training required by CRST and requested that Eve Neel complete her training, driving with Roger Neel. CRST advised that because Roger Neel had not been employed by CRST for six months, he could not act as a trainer.

22. Plaintiff Eve Neel participated in the required classroom training at the training site in Cedar Rapids, Iowa. While in the parking lot at the training facility, a man attempted to assault Eve Neel and she was able to fend him off. She reported this to officials at the training center who stated there was nothing they could do without a witness to the incident. Other women in training with Plaintiff Eve Neel reported similar instances of attempted assaults.

23. In late June 2017, after Eve Neel completed the classroom portion of her training, CRST assigned her to lead driver Michael Anderson, an owner-operator with CRST, to complete the driving portion of her training. At this time, Roger Neel was already driving with a co-driver.

24. Plaintiff is informed and believes that Michael Anderson had previously worked for CRST as an employee and a trainer and had returned to CRST as a trainer very shortly before he was assigned as Eve Neel's trainer.

25. Michael Anderson, at the time that he was hired by CRST and assigned as Plaintiff Eve Neel's lead driver, had a criminal history demonstrating a propensity for violence against women.

26. Plaintiff is informed and believes that Michael Anderson also had a history of sexually harassing female co-drivers and student drivers and, based on statements made by Michael Anderson, believe women drivers have previously requested to be removed from his truck.

27. Michael Anderson and Eve Neel began driving cross country on or around July 24, 2017. Michael Anderson, as the lead driver, was responsible for supervising Eve Neel's performance, instructing her and advising CRST whether Eve Neel should be permitted to pass her driving course and be hired by CRST.

28. During this cross-country trip, Michael Anderson began drinking to the point of intoxication and made sexual advances towards Eve Neel, including inappropriately touching and threatening her. On at least one occasion, Eve Neel contacted the driver manager on duty to report that Michael Anderson was intoxicated and that she felt unsafe. The driver manager advised Eve Neel that he could not do anything to remedy the situation unless she had photographic evidence showing Michael Anderson intoxicated. Throughout the trip, Michael Anderson began restricting

Eve Neel's communication, refusing to allow her to use the Qualcomm on the truck and limiting her ability to use her cellphone. Michael Anderson also made numerous threats towards Eve Neel, including threats of physical harm and threats to leave her at various locations along their route where she would not have access to communication if she told anyone about his behavior. He also threatened that he would fail her as a student driver.

29. On or around August 5, 2017, Michael Anderson forcibly raped Eve Neel while he and Eve Neel were confined in his truck in New York.

30. As soon as Eve Neel was safely able to do so, she again contacted CRST and advised them that she was being sexually harassed and was in danger. As a result of her complaint of sexual harassment, she was removed from the truck and forced to stay in a motel alone for days without pay while Michael Anderson was permitted to continue with his deliveries for CRST.

31. Eve Neel was then was assigned a new lead driver, Alvin "Rusty" Hart, who picked her up in New York. Mr. Hart witnessed that Eve Neel was unstable, crying uncontrollably and unable to continue with her driver training and contacted CRST to advise them of Eve Neel's condition. CRST took no action and so Mr. Hart met Roger Neel in Kingsman, Arizona so that he could care for Eve.

32. The Neels then returned to Cedar Rapids and reported the rape to the Human Resources Department at CRST and requested medical care for Eve. Officials from CRST advised Eve that she could not immediately obtain medical care and that she should not discuss the rape with anyone else.

33. Eventually Eve Neel was sent to Mercy Medical Center in Cedar Rapids, Iowa, where she underwent an exam for victims of sexual abuse and made a report to the Cedar Rapids

Police Department who advised that they did not have jurisdiction regarding a rape occurring in another state.

34. Eve Neel was interviewed by the Human Resources Department and advised that the Human Resources Department was conducting an investigation into her allegations. However, at the conclusion of the "investigation," officials with the Human Resources Department advised her that the rape was a "he said, she said" event and, therefore, they were not going to take any action in response to Eve Neel's report that she had been raped by her lead driver.

35. Plaintiff is informed and believes that Michael Anderson continued to act as a lead driver and was assigned other drivers to travel with him in his truck across country.

36. Following Eve Neel's report of being raped by her lead driver, CRST retaliated against Eve Neel by repeatedly denying or delaying worker's compensation benefits and refused to approve medical treatment specifically recommended by Eve Neel's treating providers.

37. Employees within the Human Resources Department have also openly mocked Eve Neel, stating that they did not believe she had been raped and that she was being overly dramatic.

38. Despite physician statements that Eve Neel could not return to driving, CRST employees routinely stated to Eve that she had to return to driving because she owed CRST reimbursement for the training they had provided.

39. Multiple medical reports were provided to CRST verifying that Eve Neel had been sexually assaulted by her lead driver and CRST did not take any further action against Michael Anderson.

40. In May 2018, CRST required Eve Neel to undergo a psychological evaluation at the University of Iowa Hospitals and Clinic ("UIHC"). Doctors at UIHC determined that Eve Neel had severe post traumatic stress disorder and that it was "directly related to the traumatic assault

she experienced last summer." This information was provided to CRST along with the doctors' recommendation that Eve Neel was unable to work and that she obtain significant additional medical care—the care that CRST had previously refused to provide to Eve Neel.

41. Upon receipt of the reports from UIHC physicians, apparently unhappy with their conclusions and recommendations, CRST then contacted Eve Neel and advised her that she would be required to undergo a second psychological evaluation and would have to travel 800 miles from her home. CRST notified Eve Neel of this appointment within days of when it was scheduled, and Eve Neel refused to attend this evaluation.

42. As a result of the rape, Eve Neel has suffered and continues to suffer severe emotional distress including depression, anxiety, nightmares and post traumatic stress disorder.

**COUNT I – 42 U.S.C. 2000e et seq.**
**VIOLATION OF TITLE VII – SEXUALLY HOSTILE WORK ENVIRONMENT**
**AGAINST CRST**

43. Plaintiff re-alleges and incorporates by this reference the allegations contained in paragraphs 1-42.

44. Plaintiff Eve Neel is a member of a protected group.

45. Plaintiff Eve Neel suffered unwelcome harassment as described above.

46. There was a causal nexus between the harassment and her membership in a protected group.

47. The harassment was so severe it affected a term, condition or privilege of Plaintiff Eve Neel's employment.

48. Defendant CRST knew or should have known of the harassment and failed to take prompt, appropriate and effective remedial action or CRST created a sexually hostile work

environment by failing to take appropriate action regarding well known and widespread sexual harassment and assault by male drivers against female drivers.

49. As a proximate result of Defendant CRST's violation of Title VII, Plaintiff Eve Neel has suffered and will suffer injuries and damages, including but not limited to severe emotional distress, past and future lost wages and benefits and other emoluments of employment.

50. Defendant CRST acted with reckless indifference to Plaintiff Eve Neel's federally protected rights, entitling Plaintiff to recover punitive damages.

WHEREFORE, Plaintiff Eve Neel respectfully requests that this Court enter judgment against Defendant CRST Expedited, Inc. in an amount which will fully and fairly compensate her for her injuries and damages, for punitive damages, attorney's fees, interest as provided by law and other such relief which may be just under the circumstances.

## COUNT II
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT – SECTION 216.6
## SEXUALLY HOSTILE WORK ENVIRONMENT AGAINST CRST

51. Plaintiff re-alleges and incorporates by this reference the allegations contained in paragraphs 1-50.

52. Plaintiff Eve Neel is a member of a protected group.

53. Plaintiff Eve Neel suffered unwelcome harassment as described above.

54. There was a causal nexus between the harassment and her membership in a protected group.

55. The harassment was so severe it affected a term, condition or privilege of Plaintiff Eve Neel's employment.

56. Defendant CRST knew or should have known of the harassment and failed to take prompt, appropriate and effective remedial action; or CRST created a sexually hostile work

environment by failing to take appropriate action regarding well known and widespread sexual harassment and assault by male drivers against female drivers; or Michael Anderson was Eve Neel's supervisor under the Iowa Civil Rights Act.

57. As a proximate result of Defendant CRST's violation of the Iowa Civil Rights Act, Plaintiff Eve Neel has suffered and will suffer injuries and damages, including but not limited to severe emotional distress, past and future lost wages and benefits and other emoluments of employment.

WHEREFORE, Plaintiff Eve Neel respectfully requests that this Court enter judgment against Defendant CRST Expedited, Inc. in an amount which will fully and fairly compensate her for her injuries and damages, attorney's fees, interest as provided by law and other such relief which may be just under the circumstances.

## COUNT III
## VIOLATION OF THE IOWA CIVIL RIGHTS ACT – SECTION 216.11 AGAINST DEFENDANT CRST

58. Plaintiff re-alleges and incorporates by this reference the allegations contained in paragraphs 1-57.

59. Defendant CRST violated Iowa Code Section 216.11(1) by intentionally aiding, abetting, compelling or coercing Michael Anderson in sexually harassing and assaulting Eve Neel, including but not limited to the following:

a. Hiring Michael Anderson into the position of lead driver when he had a history of sexual harassment and violence against women and assigning him a female student driver;

b. Failing to respond to Eve Neel's complaint that Michael Anderson was intoxicated and dangerous in the truck;

c. Maintaining a sexually hostile work environment by failing to discipline drivers accused of sexual harassment or assault; and

d. Failing to act to prevent sexual harassment and assault despite years of rampant sexual harassment and assault by male drivers against female drivers.

60. Defendant CRST violated Iowa Code Section 216.11(2) by discriminating or retaliating against Plaintiff Eve Neel for opposing practices forbidden by the Iowa Civil Rights Act, including but not limited to the following:

a. Forcing Eve Neel to stay in a hotel out-of-state for days;

b. Failing to pay Eve Neel wages, including worker's compensation benefits due to her;

c. Refusing to authorize payment for medical care deemed necessary for Eve Neel by her physicians or to accept the physicians' diagnosis and conclusions;

d. Advising Eve Neel that she would be required to travel 800 miles from her home in order to undergo a psychological evaluation; and

e. Making statements to Eve Neel that that she was lying or exaggerating.

61. As a proximate result of Defendant CRST's violation of the Iowa Civil Rights Act, Plaintiff Eve Neel has suffered and will suffer injuries and damages including but not limited to severe emotional distress, past and future lost wages and benefits and other emoluments of employment.

WHEREFORE, Plaintiff Eve Neel respectfully requests that this Court enter judgment against Defendant CRST Expedited, Inc. in an amount which will fully and fairly compensate her for her injuries and damages, attorneys' fees, interest as provided by law and other such relief which may be just under the circumstances.

**COUNT IV – 42 U.S.C. 2000e et seq.**
**VIOLATION OF TITLE VII – RETALIATION**
**AGAINST CRST**

62. Plaintiff re-alleges and incorporates by this reference the allegations contained in paragraphs 1-61.

63. Defendant CRST violated Title VII by discriminating against Plaintiff Eve Neel in the manner described above because she has opposed practices made unlawful by Title VII, or because she has made a charge, testified, assisted or participated in any manner in an investigation, proceeding or hearing under Title VII.

64. As a proximate result of Defendant CRST's violation of Title VII, Plaintiff has suffered and will suffer injuries and damages including but not limited to mental and emotional distress, fear, anguish, humiliation and embarrassment, past and future lost wages and benefits and other emoluments of employment.

65. Defendant acted with reckless indifference to Plaintiff Eve Neel's federally protected rights.

WHEREFORE, Plaintiff Eve Neel respectfully requests that this Court enter judgment against Defendant CRST Expedited, Inc. in an amount which will fully and fairly compensate her for her injuries and damages, punitive damages, attorney's fees, interest as provided by law and other such relief which may be just under the circumstances.

**JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

/s/ Ann E. Brown
Ann E. Brown, AT0001196
ANN BROWN LEGAL PC
600 3rd St SE, Ste. 302
Cedar Rapids, IA 52401
Phone: 319.826.2250
Fax: 319.826.2252
ann@annbrownlegal.com
ATTORNEY FOR PLAINTIFFS